IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

KATHY HAMMOND,

    Plaintiff,

vs.                                          CIVIL ACTION NO. 3:14-cv-13834
                                                      (Removed from Circuit Court of Putnam County,
                                                      Civil Action No. 13-C-247)

MATTHEW R. TURNER, II and
J. B. HUNT TRANSPORT, INC.,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, § 1441 and § 1446, Defendants Matthew R. Turner, II and J.B. Hunt Transport, Inc. ("Defendants") by counsel, hereby file the following Notice of Removal and remove this action from the Circuit Court of Putnam County, West Virginia, to the United States District Court for the Southern District of West Virginia, Huntington Division, which is the judicial district in which the action is pending. As grounds for removal, the Defendants state:

## PARTIES

1. Plaintiff, Kathy Hammond commenced the above-captioned matter by filing a Complaint bearing Civil Action No. 13-C-247 in the Circuit Court of Putnam County on July 29, 2013. A copy of plaintiff's Complaint is attached as **Exhibit 1**.

2. A copy of the docket sheet and related pleadings from the Circuit Court of Putnam County for Civil Action No. 13-C-247 is attached as **Exhibit 2**.

3. The Defendants were served with a copy of the Summons and Complaint on

or about August 27, 2013.

4. The defendants timely answered plaintiff's Complaint, which was not removable on its face, on September 23, 2013.

5. Plaintiff is a resident of West Virginia. See Exhibit 1 ¶ 1.

6. Defendant Turner is a resident of Ohio. See Exhibit 1 ¶ 2.

7. Defendant J.B. Hunt Transport, Inc. is an Arkansas corporation with its principal place of business also in Arkansas. See Exhibit 1 ¶ 3.

## JURISDICTION

8. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 (diversity jurisdiction).

9. This action is removable pursuant to 28 U.S.C. § 1441(a). There is complete diversity of citizenship between plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This action was not removable until a "Special Damages" report was provided to the Defendants' counsel at a March 18, 2014, scheduling conference. As such, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b)(3).[1]

11. This action is properly removable under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state action is pending.

12 A copy of this Notice of Removal is being served on plaintiff and filed with the Clerk of the Circuit Court of Putnam County, West Virginia, as required by 28 U.S.C. § 1446(d).

---

[1] A copy of the "Special Damages" report is attached hereto as **Exhibit 3**.

13. Plaintiff's state court action alleges that Defendant Turner was operating a tractor owned by Defendant J.B. Hunt Transport, Inc. when he negligently, carelessly and recklessly struck the plaintiff's vehicle. *See* Exhibit 1 ¶ 4, ¶ 7, ¶ 8 and ¶ 9.

14. With respect to the amount in controversy, as a result of Defendant Turner's conduct, the plaintiff claims she suffered severe injuries to her neck, back and various other parts of her body for which she is entitled to the following damages:

(a) medical expenses;

(b) pain and suffering;

(c) physical limitations;

(d) diminished capacity to enjoy life;

(e) annoyance and inconvenience;

(f) loss of household services;

(g) permanent impairment;

(h) mental anguish;

(i) future pain and suffering;

(j) future medical services and consequent costs therefore; and

(k) other consequences and damages associated with her injuries as may be specified as this action progresses.

*See* Exhibit 1 ¶ 13 and ¶ 20.

15. Further relating to the amount in controversy, plaintiff claims entitlement to punitive damages. *See* Exhibit 1 "WHEREFORE" Clause. While not necessary in this case to meet the amount in controversy, allegations in a complaint consistent with punitive damages are to be considered by courts determining whether the 28 U.S.C. §

1332 amount-in-controversy requirement has been met. *See Bryant v. Wal-Mart Stores East, Inc.*, 117 F.Supp.2d 555, 557 (S.D. W.Va. 2000) (good faith claim for punitive damages argument in determining the amount in controversy); *Chiartas v. Bavarian Motor Works, AG*, 106 F.Supp.2d 872, 874 (S.D. W.Va. 2000) (same).

16. While the Complaint describes the classes of damages plaintiff seeks, it does not detail the *amount* of damages plaintiff seeks and does not contain an *ad damnum* clause or similar prayer for specific monetary relief. Accordingly, the initial pleading was not removable on its face. *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("Where ... such details [that reveal a ground for removal] are obscured or omitted, or indeed misstated, that circumstance makes the case '*stated* by the initial pleading' not removable....") (citing 28 U.S.C. § 1446(b)(3)) (emphasis in original).

17. Because the case stated by the complaint was not removable, 28 U.S.C. § 1446(b) provides that the Defendants may file their notice of removal within 30 days of receiving "an amended pleading, motion, order, *or other paper from which it may first be ascertained* that the case is one which is or has become removable to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading." *Id.* (citing 28 U.S.C. § 1446(b)) (emphasis).

18. In cases where an initial pleading contains "no *ad damnum* clause with an amount over $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D. W.Va. 2011) (Goodwin, C.J.) (citing *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W.Va. 2001) (Haden, C.J.)). "In determining

whether the defendant has met this burden, the court considers a number of factors, including the plaintiff's injuries, amounts awarded in similar cases, **expenses incurred to date**, and settlement demands to make a judicial valuation of what a jury would award the plaintiff assuming the plaintiff prevails." *Id.* (Emphasis added in bold). The court also may consider any "other paper" indicating that the amount in controversy requirement has been satisfied. See 28 U.S.C. § 1446(b). In making the determination regarding the actual amount in controversy and whether the defendant has properly proven that amount, the court is not required "to leave common sense behind" in doing so. *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D. W.Va. 1994) (Faber, J.).

20. Significantly, when evaluating the amount in controversy, "[t]he question is not what damage the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold ... does not prevent removal." *Scaralto*, 826. F. Supp. 2d at 967-68 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)).

21. A "Special Damages" report provided to the Defendants' counsel at a March 18, 2014, scheduling conference plainly indicates that the amount in controversy is far greater than Seventy-Five Thousand Dollars ($75,000.00).

22. As evidenced by the "Special Damages" report (attached as **Exhibit 3**), plaintiff's alleged medical bills total One Hundred Forty Nine Thousand Nine Hundred Ten Dollars and Sixteen Cents ($149,910.16).

23. Moreover, plaintiff did not file the required binding Affidavit disclaiming a "controversy" amount above Seventy Five Thousand Dollars ($75,000). *Asbury-Clark v.*

*GlaxoSmithKline, Inc.*, 352 F.Supp.2d 729 (N.D.W.Va. 2005). This rule requires a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery. *See McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 485-486 (S.D.W.Va. 2001); *see Hicks v. Herbert*, 122 F.Supp.2d 699, 701 (S.D.W.Va. 2000) ("only a binding stipulation that they would not seek nor accept more than $75,000 could limit the potential recovery, [and some] authority additionally suggests such a waiver must be truly binding on the plaintiff in state court before it will prevent removal."). The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief. *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d at 486; *see De Aguilar v. Boeing Company*, 47 F.3d 1404, 1412 (5th Cir.1995) ("[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.").

24. Therefore, without conceding that plaintiff is entitled to any damages, which is expressly denied by the Defendants, it is apparent by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

26. The Defendants expressly reserve the right to amend or supplement this Notice of Removal.

27. The Defendants expressly reserve and do not waive any defenses available to it under the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Matthew R. Turner, II and J.B. Hunt Transport, Inc. pray that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Putnam County, West Virginia; and

that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said County Court.

The Defendants further demand that the trial of this matter in federal court be heard by a jury.

Dated: April 2, 2014

                                                      MATTHEW R. TURNER, II and
J.B. HUNT TRANSPORT, INC.
By Counsel

/s/ Samuel D. Madia
Samuel D. Madia (WV Bar #10819)
Flaherty Sensabaugh Bonasso PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788 – phone
(304) 5980790 – facsimile
smadia@fsblaw.com
and

Thomas V. Flaherty (WV Bar #1213)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV 25338-3843
(304) 347-4232 – direct
(304) 345-0260 – facsimile
tflaherty@fsblaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

KATHY HAMMOND,

    Plaintiff,

vs.                                      CIVIL ACTION NO. _____
                                       (Removed from Circuit Court of Putnam County,
                                       Civil Action No. 13-C-247)

MATTHEW R. TURNER, II and
J. B. HUNT TRANSPORT, INC.,

    Defendants.

## CERTIFICATE OF SERVICE

I, Samuel D. Madia, counsel for Defendants, Matthew R. Turner, II and J.B. Hunt Transport, Inc., do hereby certify that the foregoing "**NOTICE OF REMOVAL**" was electronically filed this _2nd_ day of April, 2014 with the Clerk of the Court using the CM/ECF system and notification was sent to the following counsel of record:

Letisha R. Bika (W. Va. Bar No. 5489)
Robert D. Cline, Jr. (W. Va. Bar No. 705)
Robert A. Campbell (W. Va. Bar No. 6052)
Farmer, Cline & Campbell, PLLC
746 Myrtle Road (25314)
P. O. Box 3842
Charleston, WV 25338

                                       /s/ Samuel D. Madia
                                       Samuel D. Madia (W. Va. Bar No. 10819)