IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

KATHY HAMMOND,

    Plaintiff,

vs.                                  CIVIL ACTION NO. _____
                                          (Removed from Circuit Court of Putnam County,
                                          Civil Action No. 13-C-247)

MATTHEW R. TURNER, II and
J. B. HUNT TRANSPORT, INC.,

    Defendants.

## NOTICE OF REMOVAL

## EXHIBIT

**1**

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

KATHY HAMMOND,

    Plaintiff,

vs.                                      CIVIL ACTION NO. 13-C-287
                                      JUDGE: Reeder

MATTHEW R. TURNER, II and
J. B. HUNT TRANSPORT, INC.,

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Kathy Hammond, by and through her counsel, Robert D. Cline, Jr., Robert A. Campbell, Letisha R. Bika and the law firm of Farmer, Cline & Campbell, PLLC, and hereby states as follows for her complaint:

### Jurisdiction and Venue

1. Plaintiff, Kathy Hammond, is resident of Pliny, Mason County, West Virginia.

2. Defendant, Matthew R. Turner, II (hereinafter referred to as Defendant Turner), upon information and belief, resides at 221 Hatchet Drive, Eaton, Ohio.

3. Defendant, J. B. Hunt Transport, Inc. (hereinafter referred to as Defendant J. B. Hunt), is, upon information and belief, an Arkansas corporation, having a principal office address at 615 J B Corporate Drive, Lowell, Arkansas 72745. Defendant, J. B. Hunt, among other business pursuits, operates as a motor carrier.

4. Pursuant to *West Virginia Code* §§ 56-3-31 and 56-3-33, this Court has jurisdiction over the parties and claims asserted in this action as Defendant Turner was operating a tractor owned by Defendant J. B. Hunt and was acting as an employee and/or agent of J. B. Hunt when he caused

a collision and tortious injury while operating a commercial vehicle on a public road in West Virginia.

5. Pursuant to *West Virginia Code* §56-1-1, Putnam County is an appropriate venue for this action, as it is the location where the collision occurred and a cause of action arose.

## COUNT I
### Negligence/Recklessness/Vicarious Liability

6. Plaintiff incorporates by reference all preceding allegations contained in this Complaint

7. On or about October 11, 2011, the Plaintiff, Kathy Hammond, was operating a 2004 Chevrolet Silverado pickup truck stopped on Route 35, waiting to turn left onto Anderson Hollow Road as traffic approached from the opposite direction.

8. At the same time, and in that same general location, Defendant Turner was operating a 2010 TT Freightliner truck tractor owned by Defendant J. B. Hunt.

9. As Defendant Turner approached the vehicle driven by the Plaintiff, Kathy Hammond, he negligently, carelessly and recklessly failed to slow the tractor-trailer he was operating so as to prevent it from striking the vehicle driven by the Plaintiff, Kathy Hammond.

10. As a direct and proximate result of Defendant Turner's negligent, careless and reckless actions, the tractor-trailer that Defendant Turner was operating struck the rear and thereafter sideswiped the Chevrolet Silverado truck that the Plaintiff, Kathy Hammond, was driving, totaling her vehicle.

11. Upon information and belief, at the time of the collision, Defendant Turner was acting as an employee and/or agent of Defendant J. B. Hunt.

2

12. As such, Defendant J. B. Hunt is vicariously liable pursuant to the theories of principal/agency and *respondeat superior* for all wrongful actions and omissions which were committed by their employee/agent, Defendant Turner.

13. As a direct and proximate result of Defendant Turner's negligent, careless and/or reckless conduct, and the collision described above, the Plaintiff, Kathy Hammond, suffered severe injuries to her body, including, but not limited to, injuries to her back, neck and various other parts of her body for which she will continue to experience and/or incur:

   (a) medical expenses;

   (b) pain and suffering;

   (c) physical limitations;

   (d) diminished capacity to enjoy life;

   (e) annoyance and inconvenience;

   (f) loss of household services;

   (g) permanent impairment;

   (h) mental anguish;

   (i) future pain and suffering;

   (j) future medical services and consequent costs therefore; and

   (k) other consequences and damages associated with her injuries as may be specified as this action progresses.

## COUNT II
### Prima Facie Negligence - Defendant Turner

14. Plaintiff incorporates by reference all preceding allegations contained in this Complaint.

3

15. Defendant Turner, as an operator of a large commercial vehicle on a public roadway in West Virginia, owed a duty to the general public, and in particular to the Plaintiff Kathy Hammond, to obey all State and Federal laws and regulations with regard to operating a commercial vehicle involved in interstate trucking.

16. Pursuant to *West Virginia Code* §§17C-5-3, 17C-6-1 and, 17C-7-10, Defendant Turner was required to: maintain control of the tractor-trailer that he was operating; not engage in a wilful or wanton disregard for the safety of other persons or property; not drive at a speed greater than was reasonable and prudent when approaching the stopped vehicle driven by the Plaintiff so as to avoid colliding with any person or vehicle; and to otherwise not follow any other vehicle too closely.

17. Defendant Turner violated the requirements of *West Virginia Code* §§ 17C-5-3, 17C-6-1 and, 17C-7-10, by: failing to maintain control of the tractor-trailer that he was operating; exceeding a safe speed in approaching the stopped vehicle driven by the Plaintiff; and, by wilfully, wantonly and recklessly causing the tractor-trailer that he was operating to strike the 2004 Chevrolet Silverado being driven by Plaintiff, Kathy Hammond.

18. Defendant Turner's illegal actions and inactions proximately caused the collision, Plaintiff Kathy Hammond's injuries, and the damages as set forth above.

19 Defendant Turner's wrongful conduct constitutes prima facie evidence of negligence and is actionable.

20. As a proximate result of her injuries, Plaintiff, Kathy Hammond, incurred and will incur in the future, substantial, general and special damages, including but not limited to:

    (a)    medical expenses;

4

    (b)    pain and suffering;

    (c)    physical limitations;

    (d)    diminished capacity to enjoy life;

    (e)    annoyance and inconvenience;

    (f)    loss of household services;

    (g)    permanent impairment;

    (h)    mental anguish;

    (i)    future pain and suffering;

    (j)    future medical services and consequent costs therefore; and

    (k)    other consequences and damages associated with her injuries as may be specified as this action progresses.

**WHEREFORE**, the Plaintiff, Kathy Hammond, requests that she be awarded judgment against the Defendants, Matthew R. Turner, II and J. B. Hunt Transport, Inc., for the following:

    (a)    compensatory damages in an amount to be determined by a jury;

    (b)    punitive damages, to the extent that such damages are warranted by the evidence and permitted by applicable law;

    (c)    pre-judgment and post-judgment interest as allowed by law;

    (d)    attorneys' fees, costs and expenses incurred in connection with this action; and

    (e)    such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

KATHY HAMMOND,

Plaintiff,

By Counsel:

_____
ROBERT D. CLINE, JR. (W.Va. State Bar 705)
ROBERT A. CAMPBELL (W.Va. State Bar 6052)
LETISHA R. BIKA (W.Va. State Bar 5489)
FARMER, CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
(304) 346-5990